CV-05 0170

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SHERMAN HOLMAN, on behalf of himself
and all others similarly situated,

                Plaintiff,

-against-

GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.

                Defendant.
-----------------------------------------------------------------x

(S.J.) **CLASS ACTION COMPLAINT**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 1 2 2005 ★

LONG ISLAND OFFICE

**HURLEY, J.**

**BOYLE, M.**

    Plaintiff, by and through his undersigned attorneys, alleges upon knowledge to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following.

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from Defendant's violation of § 1692 of Title 15 of the United States Code, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive deceptive and unfair practices.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

4. Plaintiff Sherman Holman (hereinafter "Holman") is a resident of the State of New York, Westchester County. On or about December 10, 2004, plaintiff received a debt collection notice from defendant at plaintiff's home address. **Exhibit A**.

5. Defendant Gutman, Mintz, Baker & Sonnenfeldt, P.C. is a domestic professional corporation engaged in the business of legal debt collection with a place of business located at 813 Jericho Turnpike, New Hyde Park, New York.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the defendant which are in violation of the FDCPA, as described in paragraphs numbered 15 through 18 of this complaint, as of the date of plaintiff's complaint. Excluded from the Class is the defendant herein and any person, firm, trust, corporation or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Gutman, Mintz Baker & Sonnenfeldt, P.C.

7. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices

from the defendant which violate various specific provisions of the FDCPA.

9. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(3), 1692e(10) and 1692g(a)(4).

    b. Whether plaintiff and the Class have been injured by the defendant's conduct;

    c. Whether plaintiff and the class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula o be applied in determining such damages and restitution; and

    d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10. Plaintiff's claims are typical o the claims of the Class, and the plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to

be encountered in the management of this class action.

13. A class action will permit large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action Class members will continue to suffer losses of statutorily protected rights as well as monetary damages. If defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. On or about December 10, 2004, defendant sent a collection letter to plaintiff Holman demanding payment of a debt allegedly owed to a landlord. A copy of said letter is annexed hereto as **Exhibit A**.

16. The letter employed a legal caption when no action was filed. "4254 LLC VS. SHERMAN HOLMAN." **Exhibit A**.

17. Upon information and belief, the collection letter bears the signature of Andrew Blackwell without indicating he is not an attorney.

18. The collection letter stated:

"UNLESS YOU NOTIFY US WITHIN THIRTY DAYS AFTER RECEIPT OF THIS LETTER THAT THE VALIDITY OF THE DEBT, OR ANY PORTION OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US OF A DISPUTE WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU. ALSO, UPON YOUR WRITTEN REQUEST, WITHIN THIRTY (30) DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR."

19. The above language violated numerous provisions of the FDCPA by failing to notify the consumer that the consumer must notify the debt collector, in writing, in order to preserve his right to receive verification of the debt and limit the debt collector's contact with the consumer until verification documents are mailed to the consumer. 15 U.S.C. § 1692g(a)(4) and 15 U.S.C. § 1692g(b)

20. Defendant in may instances violated the requirements of the FDCPA, in the following and other respects:

    (a) by not being sufficiently involved in preparing and sending letters in violation of 15 U.S.C. § 1692e(3).

    (b) by allowing non attorneys to issue attorney letters without indicating the signatory is not an attorney in violation of 15 U.S.C. § 1692e(3).

    (c) by failing to notify the consumer, as required by 15 U.S.C. § 1692g(a)(4), that the consumer must dispute the debt, in writing to preserve the statutory rights.

## CLASS ALLEGATIONS

21. This action is brought on behalf of a class. The class includes

(i) All consumers who received a letter from defendant Gutman, Mintz, Baker & Sonnenfeldt that bore the signature of a non-attorney;

(ii) which failed to properly inform consumers of their requirement to dispute the debt in writing;

(iii) which employed "VS." when no action had been filed.

22. The class period begins one year prior to the filing of this action.

23. The class is so numerous that joinder of all members is impractical. Upon information and belief, there are several hundred class members. Plaintiff is complaining of standard form letters.

24. There are questions of law common to the class, which questions predominate over any questions affecting only individual class members. The principle questions presented are whether defendant violated 15 U.S.C. § 1692e, 1692e(3), 1692e(10) and 1692g(a)(4).

25. Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling class claims and claims involving unlawful collection practices. Neither plaintiff nor her counsel have any interests which might cause him not to vigorously pursue this claim.

26. Plaintiff's claims are typical of he class, which all arise from the same operative facts and are based on the same legal theories.

27. A class action is a superior method for the fair and efficient adjudication of the controversy.

6

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

(a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative.

(b) Issue a preliminary and permanent injunction restraining defendant, its employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c) Issue a declaratory Order requiring defendant to make corrective disclosures;

(d) Awarding plaintiff and the class statutory damages;

(e) Awarding plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

(f) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: January 5, 2004
      Uniondale, New York

Abraham Kleinman (AK-6300)
Lawrence Katz      (LK-0062)
Katz & Kleinman PLLC
626 EAB Plaza
Uniondale, New York 11556-0626
Telephone (516) 522-2621
Facsimile  (516) 522-2890

**EXHIBIT A**

GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.
813 JERICHO TURNPIKE
NEW HYDE PARK, NEW YORK 11040
(516) 616-0734

DECEMBER 10, 2004

SHERMAN HOLMAN
58 PALMER ROAD
PRIVATE HOUSE
YONKERS, NY      10701       RE  4254 LLC
                             VS. SHERMAN HOLMAN
                                 4254 CARPENTER AVENUE
                                 APT C5

DEAR SHERMAN HOLMAN

    WE ARE THE ATTORNEYS FOR THE ABOVE-NAMED CREDITOR. OUR CLIENT HAS CONSULTED US WITH REFERENCE TO YOUR INDEBTEDNESS IN THE AMOUNT OF $3,568.30 AND HAS REQUESTED THAT WE PROCEED WITH LEGAL ACTION AGAINST YOU. HOWEVER, WE ARE WRITING TO ALLOW YOU A FINAL OPPORTUNITY TO ARRANGE TO PAY WITHOUT THE NECESSITY OF COSTLY LEGAL ACTION.

    UNLESS YOU NOTIFY US WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS LETTER THAT THE VALIDITY OF THE DEBT, OR ANY PORTION OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT ID VALID. IF YOU DO NOTIFY US OF A DISPUTE WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU. ALSO, UPON YOUR WRITTEN REQUEST, WITHIN THIRTY (30) DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM CURRENT CREDITOR.

    KINDLY FORWARD ALL REMITTANCE TO US, PAYABLE TO GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.

    WE TRUST YOU WILL TAKE THIS OPPORTUNITY TO DISPOSE OF THE CLAIM AMICABLY. NO FURTHER NOTICES WILL BE SENT.

VERY TRULY YOURS,

RECOVERY DEPARTMENT

*[handwritten annotation in right margin: Andrew Blackwell 616 0620 tax write letter]*

CLAIM# 242986

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.